# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRMER FERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>P. MCGUINESS, M.D., et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-01045-AWI-GSA PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

### Screening Order

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

The events at issue in this action occurred at Pleasant Valley State Prison (PVSP), where Plaintiff is currently housed. Plaintiff names the following individual defendants: PVSP Warden James Yates; PVSP Associate Warden Spearman; James Tilton, former Director of the California Department of Corrections and Rehabilitation (CDCR); M. Cate, current CDCR Director. Plaintiff is seeking money damages for the violation of his rights under the Eighth Amendment of the United States Constitution.

On July 22, 2005, Plaintiff was transferred to PVSP. In November of 2006, Plaintiff became ill with flu-like symptoms. Plaintiff's condition worsened, and he was eventually admitted to the prison hospital and diagnosed with valley fever. Plaintiff was eventually released from the hospital, despite the fact that he was still "physically and mentally weak." Plaintiff alleges that Defendants knew or should have known that the conditions at PVSP posed a serious risk to the health of Plaintiff and other inmates.

### A. Valley Fever

The courts of this district have found such claims to be insufficient. "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to

1  raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff
2  fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff
3  complaints." such as "acts of omissions of Defendants have caused an excessively high risk of
4  contracting Valley Fever at PVSP."   Plaintiff cannot, therefore, hold defendants liable for his
5  exposure to Valley Fever.

6        **B.**     **Eighth Amendment Medical Care Claim**

7       As to Plaintiff's medical care, he may state a claim for relief for deliberate indifference to
8  his serious medical needs.   "[T]o maintain an Eighth Amendment claim based on prison medical
9  treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner,
10 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295
11 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious
12 medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further
13 significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's
14 response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v.
15 Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.
16 Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate
17 indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible
18 medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).
19 Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
20 further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical
21 needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
22 407 (9th Cir. 1985)).  Plaintiff fails to charge any of the named defendants with conduct indicating
23 that they knew of and disregarded a serious risk to Plaintiff's health.

24      Further, Plaintiff is advised that a disagreement with an  assessment of Plaintiff's condition
25 does not support a claim for an Eighth Amendment violation.  Neither "[a] difference of opinion
26 between a prisoner-patient and prison medical authorities regarding treatment does not give rise to
27 a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted),
28 nor a difference of opinion between medical personnel regarding treatment does not amount to

deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### C.    Supervisory Defendants

All of the named defendants are employed by the CDCR in a supervisory capacity. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). There are no such allegations in this case. These defendants should therefore be dismissed.

### III.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983 or the ADA. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **April 7, 2011**         /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE